**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

PATRICIA VERONESE,

                              Plaintiff,

           - v -                                Civ. No. 1:11-CV-1244
                                                            (MAD/RFT)

ABRAHAM FINKLE, DDS; DONNA SHERRY, DDS,

                              Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

PATRICIA VERONESE
Plaintiff, *Pro Se*
88 Remsen Street
Apt. # 3
Cohoes, NY 12047

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

     The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Patricia Veronese. Dkt. No. 1, Compl. Veronese has also filed a Motion to Proceed *In Forma Pauperis* (IFP). Dkt. No. 2, IFP App. In her Complaint, Plaintiff alleges that the two Defendants committed malpractice against her.

### I.  DISCUSSION

#### A.  IFP Application

     Turning first to Veronese's Motion to Proceed with this Action IFP, after reviewing the Application, the Court finds that Plaintiff may properly proceed with this matter IFP.

#### B.  Plaintiff's Complaint

     Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed with her action.

In drafting her brief *pro se* Complaint, Plaintiff utilizes the *pro forma* complaint used for maintaining actions through 42 U.S.C. § 1983, the Civil Rights Act.  Through this statute, Congress "establishe[d] a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

Veronese complains that the Defendants committed malpractice when they made derogatory statements to her while treating her teeth and failed to maintain the mold of her teeth so that dentures could be provided to her.  Such an action cannot be pursued under § 1983 for several reasons.  First, Veronese fails to specify the nature of her constitutional right that she alleges was infringed upon.  Second, Plaintiff fails to allege that the Defendants, in allegedly committing malpractice, acted under color of state law.  It is well-settled that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law.  *See*, *e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted).  Because there is no

allegation that the Defendants, private individuals, acted under color of state law with regard to treating Plaintiff's teeth, a claim cannot be pursued under § 1983. Because § 1983 would not be the proper vehicle for Plaintiff to seek judicial review of her claim, we recommend dismissal of any claims brought pursuant to 42 U.S.C. § 1983.

However, this does not end our review. The Second Circuit has clearly enunciated a district court's obligation to read *pro se* complaints liberally. *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a *pro se* litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."). We review Plaintiff's Complaint to see if there is any other basis for this Court's exercise of its subject matter jurisdiction. Since Plaintiff essentially complains of state law malpractice and/or negligence, we consider whether she has adequately shown that the Court may exercise its diversity of citizenship jurisdiction under 28 U.S.C. § 1332.[1]

For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

---

[1] It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction, thus, we must examine whether diversity jurisdiction exists. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*).

28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." *See Zimak Co. v. Kaplan*, 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed. 1998)).

In the "Parties" section of her Complaint, Plaintiff provides a Cohoes, New York address for herself, and Troy, New York, addresses for Defendants Finkle and Sherry. All of the parties are citizens of New York State, thus defeating any hopes of invoking this Court's diversity jurisdiction. When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Therefore, because Plaintiff has failed to establish the basis for the Court's subject matter jurisdiction, dismissal is mandated. *Herrick Co., Inc. v. SCS Commc'n , Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (noting that the party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete." (citations omitted)).

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that the Complaint be **dismissed** for failure to state a claim and for failure to establish subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and

Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(e).

Date:   October 27, 2011
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge