UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICIA VERONESE,

                              **Plaintiff,**

  vs.                                                             1:11-cv-1244
                                                                           (MAD/RFT)

ABRAHAM FINKLE, DDS and DONNA
SHERRY, DDS,

                              **Defendants.**
_____

APPEARANCES:                                  OF COUNSEL:

PATRICIA VERONESE
88 Remsen Street
Apt. #3
Cohoes, New York 12047
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      On October 19, 2011, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendants committed malpractice when they made derogatory statements to her while treating her teeth and because they failed to maintain the mold of her teeth so that dentures could be provided to her. *See* Dkt. No. 1 at 2-3. In a October 27, 2011 Report-Recommendation and Order, Magistrate Judge Treece granted Plaintiff's application to proceed *in forma pauperis* but recommended that the Court dismiss the complaint. *See* Dkt. No. 3.

      Specifically, Magistrate Judge Treece found that such an action cannot be pursued under section 1983 because (1) Plaintiff failed to specify the nature of her constitutional right that she alleged was infringed upon and (2) Plaintiff failed to allege that Defendants were acting under

color of state law when they committed the alleged malpractice. *See id.* at 2. Thereafter, Magistrate Judge Treece recommended that the Court find that 28 U.S.C. § 1332 does not provide a basis for the Court to exercise jurisdiction over Plaintiff's claims because the parties are all citizens of New York. *See id.* at 3-4. As such, Magistrate Judge Treece recommended that the Court dismiss Plaintiff's complaint for failure to state a claim and for failure to establish subject matter jurisdiction. *See id.* at 4. Plaintiff did not object to Magistrate Judge Treece's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v.*

2

*Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Treece's October 27, 2011 Report-Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Treece correctly recommended that the Court find that Plaintiff's complaint should be dismissed for failure to state a claim and for lack of subject matter jurisdiction.[1]

---

[1] Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once if there is any indication that a valid claim might be stated. *See Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a) (providing that leave to amend "shall be freely given when justice so requires"); *see also Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y. 1995). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive," such that "[b]etter pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile) (citation omitted); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (holding that, "[o]f course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice" (citation omitted)); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (granting leave to amend is appropriate "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim"). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, *1 (N.D.N.Y. Sept. 22, 1997) (holding that "the court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile" (citation omitted)), *aff'd*, 175 F.3d 1007 (2d Cir. 1999).

As Magistrate Judge Treece's Report-Recommendation and Order makes clear, allowing Plaintiff an opportunity to replead in the present matter would be futile. Not only has Plaintiff failed to state a cause of action pursuant to section 1983, but the complaint makes clear that the Court could not even exercise jurisdiction over this action pursuant to 28 U.S.C. § 1332 because all of the parties to the action are residents of New York. *See Goston v. Potter*, No. 9:08-CV-478, 2010 WL 4736261, *1 (N.D.N.Y. Nov. 16, 2010) (dismissing *pro se* complaint with prejudice

(continued...)

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's October 27, 2011 Report-Recommendation and Order is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 12, 2011
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1](...continued)
pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).